IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HARVARD HOUSE CONDOMINIUM ASSOCIATION, INC., | § § § § | |
| *Plaintiff,* | § § | |
| VS. | § § | CASE NO. 4:16-cv-2699 |
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, ENGLE MARTIN & ASSOCIATES and DENNIS McQUADE, | § § § § § § | |
| *Defendants.* | § § | |

### DEFENDANT PHILADELPHIA INDEMNITY INSURANCE COMPANY'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to 28 U.S.C. §§ 1332 and 1446(a), **Philadelphia Indemnity Insurance Company**, a Defendant in the above-styled case, files this Notice of Removal from the District Court of Harris County, Texas, 269th Judicial District, to the United States District Court for the Southern District of Texas, Houston Division, and in support states as follows:

#### INTRODUCTION

1.  Plaintiff is Harvard House Condominium Association, Inc. ("Plaintiff").

2.  Philadelphia Indemnity Insurance Company ("Philadelphia Indemnity") is a Defendant that Plaintiff has named.

3.  Engle Martin & Associates, Inc. ("Engle Martin") is another Defendant that Plaintiff has named.

4.  Dennis McQuade is the third and last Defendant Plaintiff has named in this case.

5.  Plaintiff commenced this first-party insurance case on August 11, 2016. Plaintiff has asserted causes of action arising under Texas law for breach of contract, violations of

chapters 541 and 542 of the Texas Insurance Code, and breach of the duty of good faith and fair dealing.

6.  Plaintiff obtained service of process upon Philadelphia Indemnity on August 22, 2016. *See* Service of Process Transmittal, including with **Exhibit D**, showing that Citation and Plaintiff's Original Petition was served upon the registered agent for service for Philadelphia Indemnity on that date.

7.  Philadelphia Indemnity is therefore timely filing this Notice of Removal, as it is removing this action may be filed "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

## VENUE IS PROPER

8.  Pursuant to 28 U.S.C. § 1441(a), this action may be removed to this Court because it is the district and division embracing Harris County, Texas, the county in which the state court action is pending.

## BASIS FOR REMOVAL

9.  This is a civil action that falls under the Court's original jurisdiction pursuant to 28 U.S.C. § 1332(a) and is one that may be removed to this Court based on diversity of citizenship in accordance with 28 U.S.C. §§ 1441 and 1446.

### A. Complete Diversity of Citizenship Exists.

10. Plaintiff "is a Texas corporation doing business in and/or owning property in Harris County, Texas." Pl.'s Orig. Pet. ¶ 1, at 1. (Included as a part of **Exhibit E**).

11. Philadelphia Indemnity is a corporation organized and existing under the laws of the State of Pennsylvania. *See* Affidavit of Eugene Angiolillo, attached as **Exhibit A** (attesting to the facts that Philadelphia Indemnity is incorporated in Pennsylvania). Philadelphia Indemnity maintains its principal place of business in Pennsylvania. *See id.*

12. Engle Martin is a corporation organized and existing under the laws of the State of Georgia, that maintains its principal place of business in Georgia. *See* Affidavit of Jay T. Campbell, attached as **Exhibit B**.

13. Dennis McQuade "is an individual residing in and domiciled in the State of Michigan." Pl.'s Orig. Pet. ¶ 4, at 2.

14. Complete diversity of citizenship therefore exists between all plaintiffs and all defendants.

### B. The Amount in Controversy Exceeds $75,000.

15. In compliance with Rule 47 of the Texas Rules of Civil Procedure, Plaintiff's Original Petition contains the following statement of the monetary relief Plaintiff seeks by way of this lawsuit: "Plaintiff is seeking monetary relief over $200,000 but not more than $1,000,000." Pl.'s Orig. Pet. ¶ 6, at 2.

16. Plaintiff therefore seeks damages, exclusive of interest and attorney's fees, in excess of the jurisdictional minimum of $75,000.

### C. Removal Is Appropriate Under the Court's Diversity Jurisdiction.

17. In light of these facts, the state court claim may be removed to this Court by Philadelphia Indemnity in accordance with the provisions of 28 U.S.C. § 1332 because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the

Southern District of Texas; (ii) this action is between citizens of different states; and (iii) the amount in controversy exceeds $75,000, exclusive of interests and costs.

## FILING OF REMOVAL PAPERS

18. Pursuant to 28 U.S.C. § 1446(d), Philadelphia Indemnity is providing written notice of the filing of this Notice of Removal to all counsel of record. Further, Philadelphia Indemnity is filing a copy of this Notice of Removal with the Clerk of the 269th Judicial District Court of Harris County, Texas, where Plaintiff commenced this action.

19. Philadelphia Indemnity is filing the following items concurrently with this Notice of Removal, or attaching them to this Notice of Removal as required by Southern District of Texas Local Rule 81: (a) a completed civil cover sheet, JS-44 (**Exhibit C**); (b) all executed process in the case (**Exhibit D**); (c) all pleadings asserting causes of action (*e.g.*, petitions, counterclaims, cross actions, third-party actions and interventions, and all answers to such pleadings) (**Exhibit E**); (d) any orders signed by the state judge (**none**); (e) a copy of the docket sheet in the state court action (**Exhibit F**); and (f) a list of all counsel of record, including addresses, telephone numbers and parties represented (**Exhibit G**).

## OTHER REMOVAL MATTERS

20. The two other Defendants that Plaintiff has sued in this cause, Engle Marin & Associates, Inc. and Dennis McQuade, have both consented, through their mutual attorney of record, to the removal of this action and the filing of this Notice of Removal. 28 U.S.C. § 1446(a). A formal Consent to Removal is attached as **Exhibit H**.

## CONCLUSION

21. Philadelphia Indemnity gives notice to the Court of their removal of the above-captioned action from the 269th Judicial District Court of Harris County, Texas, and request that

further proceedings be conducted in the United States District Court for the Southern District of Texas, Houston Division, as provided by law.

Dated: September 6, 2016

Respectfully submitted,

*/s/ William R. Pilat*
William R. Pilat
Texas Bar No. 00788205
S.D. Tex. No. 18655
KANE RUSSELL COLEMAN & LOGAN PC
5051 Westheimer Rd., 10th Floor
Houston, Texas 77056
Telephone: 713-425-7400
Facsimile: 713-425-7700
E-mail: wpilat@krcl.com

**ATTORNEY-IN-CHARGE FOR DEFENDANT PHILADELPHIA INDEMNITY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2016, a true and correct copy of the foregoing pleading was forwarded to all other counsel of record, as listed below, via e-Filing:

Matthew J. Worrall
Andrew A. Woellner
THE POTTS LAW FIRM, LLP
100 Waugh Drive, Suite 350
Houston, Texas 77007

Glenn R. LeMay
Joseph W. DiCecco
GORDON & REES, LLP
1900 West Loop South, Suite 1000
Houston, Texas 77027

*/s/ William R. Pilat*
William R. Pilat