# Exhibit E-1

8/11/2016 12:06:08 PM
Chris Daniel - District Clerk Harris County
Envelope No. 12116713
By: Nelson Cuero
Filed: 8/11/2016 12:06:08 PM

**2016-53274 / Court: 269**

Cause No. _____

| | | |
|---|---|---|
| HARVARD HOUSE CONDOMINIUM ASSOCIATION, INC. | § § § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| v. | § § § | HARRIS COUNTY, TEXAS |
| | § | |
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, ENGLE MARTIN & ASSOCIATES, AND DENNIS MCQUADE | § § § § | _____ JUDICIAL DISTRICT |
| *Defendant* | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Harvard House Condominium Association, Inc., Plaintiff (hereinafter referred to as "Plaintiff"), and file this Original Petition against Defendants, Philadelphia Indemnity Insurance Company ("Philadelphia"), Engle Martin & Associates ("EMA"), and Dennis McQuade ("McQuade") (all of whom will be collectively referred to as "Defendants"), and would respectfully show this court as follows:

### PARTIES

1. Plaintiff, Harvard House Condominium Association, Inc., is a Texas corporation doing business in and/or owning property in Harris County, Texas.

2. Defendant, Philadelphia, is an insurance company that engaged in the business of insurance in the State of Texas at all times material to this action. This defendant may be served by serving its Registered Agent for service of process: CT Corporation Systems, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136, via certified mail, return receipt requested.

1

3. Defendant Engle Martin & Associates ("EMA") is a domestic company engaged in the business of insurance adjusting in the State of Texas. EMA regularly conducts business in a systematic and continuous manner in the State of Texas. This defendant may be served via certified mail, return receipt requested to its registered agent: CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

4. Defendant, Dennis McQuade, is an individual residing in and domiciled in the State of Michigan. This defendant may be served via certified mail, return receipt requested at 18298 Tiger Drive, Macomb, Michigan 48042.

## DISCOVERY LEVEL

5. Plaintiff intends for discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

## JURISDICTION

6. The Court has jurisdiction over this controversy because the damages are within the jurisdictional limits of this court. Plaintiff is seeking monetary relief over $200,000 but not more than $1,000,000. Plaintiff reserves the right to amend this petition during and/or after the discovery process.

7. The Court has jurisdiction over Defendant, Philadelphia, because this defendant engaged in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of defendant's business activities in the State of Texas.

8. The Court has jurisdiction over Defendant, EMA, because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of defendant's business activities in the State of Texas.

2

9. The Court has jurisdiction over Defendant, McQuade, because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of defendant's business activities in the State of Texas.

### VENUE

10. Venue is proper in Harris County, Texas, because the insured property is situated in Harris County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

### FACTS

11. Plaintiff is the owner of a property insurance policy ("the Policy") issued by Philadelphia with policy number PHPK1217837.

12. Plaintiff owns the insured property located at 1100 Harvard St., Houston, Harris County, Texas 77008 (hereinafter referred to as "the Property"). Philadelphia sold the Policy insuring the Property to Plaintiff.

13. On or about May 31, 2015, a severe thunderstorm struck Harris County, Texas, causing severe damage to homes and businesses throughout the region ("the Storm") including the Property. The Storm damaged the Property by wind and by also causing the sewage lines to back up through the Property's drain lines, damaging the flooring, walls, and interior of much of the Property.

14. Plaintiff subsequently submitted a claim to Philadelphia for the damage the Property sustained as a result of the Storm. Plaintiff requested that Philadelphia cover the cost of repairs, including but not limited to, replacement of the flooring, walls, and interior pursuant to the Policy.

15. Defendant Philadelphia assigned EMA to adjust the claim (the "adjusting company"). Rather than send one of their local adjusters, EMA assigned one of their out-of-state employees, Dennis McQuade to adjust the claim. McQaude (the "adjuster") was either improperly trained or willfully failed to perform a thorough investigation of the claim, and he spent an inadequate amount of time inspecting Plaintiff's property. McQuade conducted a substandard inspection of Plaintiff's Property evidenced by the report, which failed to account for the extensive damage caused by the backup of sewage through the drain pipes and into the common areas and living units of the condominium owners. The damages McQuade included in the report were grossly undervalued and did not allow for adequate funds to cover the cost of repairs to all the damages sustained.

16. Philadelphia and its personnel failed to thoroughly review and properly supervise the work of McQuade, which ultimately led to the approving an improper adjustment and an inadequately unfair settlement of Plaintiff's claim. As a result of Defendants' wrongful acts and omissions set forth above and further described herein, Plaintiff was wrongfully underpaid on the claim and has suffered damages.

17. Together, Defendants set about to deny and/or underpay on properly covered damages. Defendants failed to provide full coverage for the damages sustained by Plaintiff and under-scoped Plaintiff's damages, thereby denying adequate and sufficient payment on Plaintiff's claim. As a result of Defendants' unreasonable investigation, Plaintiff's claim was improperly adjusted, and Plaintiff was wrongfully denied on the claim and has suffered damages. The mishandling of Plaintiff's claim has also caused a delay in Plaintiff's ability to fully repair the

4

Property, which has resulted in additional damages. To this date, Plaintiff has yet to receive the full payment that it is entitled to under the Policy.

18.     As detailed in the paragraphs below, Philadelphia wrongfully denied the majority of Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

19.     To date, Philadelphia continues to delay in the payment for the damages to the Property. As such, Plaintiff has not been paid in full for the damages to the Property.

20.     Defendant Philadelphia failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Philadelphia's conduct constitutes a breach of the insurance contract between Philadelphia and Plaintiff.

21.     Defendants, including McQuade, misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(1).

22.     Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.0060(a)(2)(A).

5

23. Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(3).

24. Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(4).

25. Defendants refused to fully compensate Plaintiff under the terms of the Policy, particularly because Defendants failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's claim on the Property. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(7).

26. Defendant Philadelphia failed to meets it obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. Philadelphia's conduct

6

constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.055.

27. Defendant Philadelphia failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Philadelphia's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.056.

28. Defendant Philadelphia failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for the claim. Philadelphia's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.058.

29. From and after the time Plaintiff's claim was presented to Defendant Philadelphia, the liability of Philadelphia to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Philadelphia has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Indeed, Philadelphia has tried in vain to convince and trick Plaintiff into accepting less than the true value of the claim. Philadelphia's conduct constitutes a breach of the common law duty of good faith and fair dealing.

30. Defendants knowingly or recklessly made false representations, including about the coverage available to Plaintiff and as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff. Defendant, McQuade, specifically but

7

without limitation, attempted on several occasions to bait Plaintiff's representatives into agreeing to the "amount" of the claim.

31. As a result of Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing it with respect to these causes of action.

32. Plaintiff's experience is not an isolated case. The acts and omissions Philadelphia committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Philadelphia with regard to handling these types of claims. Philadelphia's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## CAUSES OF ACTION

33. Each of the foregoing paragraphs is incorporated by reference in the following:

### I. Causes of Action Against Engle Martin & Associates

34. Philadelphia assigned EMA as the adjusting company to adjust Plaintiff's claim. EMA's employees were either improperly trained or consciously chose to perform an outcome oriented and unreasonable investigation of Plaintiff's damages. EMA's employee assigned to adjust the claim did not properly assess all damages caused by the Storm and omitted covered damages from the report including the full extent of damage to the interior of the building. EMA refused to fully compensate Plaintiff for the full amount Plaintiff is entitled under the Policy. The outcome oriented investigation of Plaintiff's claim resulted in a biased evaluation of Plaintiff's damages to the Property and the estimated damages were severely underestimated.

**A. Noncompliance with Texas Insurance Code: Unfair Settlement Practices**

8

35. Defendant EMA's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this article are made actionable by TEX. INS. CODE § 541.151.

36. Defendant EMA is liable for its unfair and deceptive acts, irrespective of the fact EMA was acting on behalf of Philadelphia, because EMA is a "person" as defined by TEX. INS. CODE § 541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster or life and health insurance counselor." TEX. INS. CODE § 541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W. 2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

37. Defendants' misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages in light of the coverage under the Policy; (2) stating that Plaintiff's damages were less severe than they in fact were and that the Policy did not cover certain damage, including the floors, walls, and cabinets; (3) using their own statements about the non-severity of the damages and the coverages under the Policy as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiff received. Defendant EMA's unfair settlement practices, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition

9

and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060 (a)(1).

38. Defendant EMA's unfair settlement practices, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(2)(A).

39. Defendant EMA's employee failed to explain to Plaintiff the reasons for the offer of an inadequate settlement. Specifically, Defendant EMA employee, Dennis McQuade, failed to offer Plaintiff adequate compensation without any explanation as to why full payment was not being made, even in light of Plaintiff securing a construction bid for the cost to repair the complex. Furthermore, Defendant EMA employee did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor was there any explanation for the failure as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(3).

40. Defendant EMA's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(4).

10

41. Defendant EMA's employee did not properly inspect the Property and failed to account for and/or undervalued Plaintiff's interior damage, although reported by Plaintiff to Philadelphia and by Plaintiff's contractor to Philadelphia. Defendant EMA's unfair settlement practices, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition, and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(7).

## II. Causes of Action Against McQuade

42. Philadelphia assigned McQuade to adjust this claim. McQuade was improperly trained or consciously chose to perform an outcome-oriented and unreasonable investigation of Plaintiff's claims and damages. McQuade did not properly assess all damages caused by the sewage backup and omitted covered damages from the report including the full extent of damage to the interior of the complex. McQuade refused to fully compensate Plaintiff for the full amount Plaintiff is entitled under the Policy. The outcome oriented investigation of Plaintiff's claim resulted in a biased evaluation of Plaintiff's damages to the Property and the estimated damages were severely underestimated.

### A. Noncompliance with Texas Insurance Code: Unfair Settlement Practices

43. Defendant McQuade's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this article are made actionable by TEX. INS. CODE § 541.151.

44. Defendant McQuade is individually liable for his unfair and deceptive acts, irrespective of the fact McQuade was acting on behalf of Philadelphia, because McQuade is a "person" as defined by TEX. INS. CODE § 541.002(2). The term "person" is defined as "any

11

individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster or life and health insurance counselor." TEX. INS. CODE § 541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W. 2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

45. Defendants' misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages from the sewer backup; (2) stating that Plaintiff's damages were less severe than they in fact were or were not covered under the Policy; (3) using their own statements about the non-severity of the damages as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiff received. Defendant McQuade's unfair settlement practices, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060 (a)(1).

46. Defendant McQuade's unfair settlement practices, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(2)(A).

47. Defendant McQuade failed to explain to Plaintiff the reasons for the offer of an inadequate settlement. Specifically, Defendant McQuade failed to offer Plaintiff adequate compensation without any explanation as to why full payment was not being made. In the alternative, McQuade erroneously informed Plaintiff that the damages were not covered by the Policy. Furthermore, Defendant McQuade did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor was there any explanation for the failure as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(3).

48. Defendant McQuade's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(4).

49. Defendant McQuade did not properly inspect the Property and failed to account for and/or undervalued Plaintiff's property damage, although reported by Plaintiff to Philadelphia. Defendant McQuade's unfair settlement practices, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition, and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(7).

### III. Causes of Action Against Philadelphia

13

50. By failing to pay Plaintiff proceeds owed to it under the Policy, Philadelphia intentionally breached its contract with Plaintiff, intentionally violated the Texas Insurance Code and intentionally breached the common law duty of good faith and fair dealing.

### A. Breach of Contract

51. Philadelphia breached the contract of insurance it had with Plaintiff. Philadelphia breached the contract by its failure/and or refusal to adequately pay the claim as it is obligated to do under the terms of the Policy in question and under the laws in the State of Texas.

### B. Noncompliance with Texas Insurance Code: Unfair Settlement Practices

52. Defendant Philadelphia's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this article were made actionable by TEX. INS. CODE § 541.151.

53. Defendant Philadelphia's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, including that some interior items were not covered by the Policy, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 5410.060(a)(1).

54. Defendant Philadelphia's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Philadelphia's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(2)(A).

55. Defendant Philadelphia's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation

14

to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(3).

56. Defendant Philadelphia's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of compensation and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(4).

57. Defendant Philadelphia's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(7).

### C. Noncompliance with Texas Insurance Code: Prompt Payment of Claims Statute

58. Plaintiff is entitled to 18% interest and attorney fees under TEX. INS. CODE §542.060 for violating the Texas Insurance Code, Prompt Payment of claims TEX. INS. CODE §542.051 *et. seq.*

59. Philadelphia failed to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints under TEX. INS. CODE §542.055.

60. Philadelphia failed to notify Plaintiff in writing of its acceptance or rejection of the claim within applicable time constraints under TEX. INS. CODE §542.056.

61. Philadelphia delayed the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for under TEX. INS. CODE §542.058.

### D. Breach of the Duty of Good Faith and Fair Dealing

62. Philadelphia breached the duty of good faith and fair dealing by failing to adequately and reasonably investigate and evaluate Plaintiff's claim while it knew or should have known, by the exercise of reasonable diligence, that its liability was reasonably clear.

### E. Knowledge

63. Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code.

### DAMAGES

64. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

65. The damages caused by the heavy rainstorm, including but not limited to the sewage backup, have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendants' mishandling of Plaintiff's claim in violation of the laws set forth above.

66. For breach of contract, Plaintiff are entitled to regain the benefit of their bargain, which is the amount of his claim, together with attorney's fees.

67. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been

paid pursuant to the policy, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff ask for three times their actual damages. TEX. INS. CODE § 541.152.

68. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of the claim, as well as 18% (eighteen percent) interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE § 542.060.

69. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional stress.

70. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas

## JURY DEMAND

71. Plaintiff hereby demands a trial by jury and tender the appropriate fee.

## DISCOVERY REQUESTS

72. Pursuant to Texas Rules of Civil Procedure 194, Plaintiff requests that each Defendant disclose, within 30 days of service of this request, the information or materials described in Texas Rule of Civil Procedure 194.2(a)-(l).

73. Defendants are requested to respond to the attached interrogatories and requests for production within fifty (50) days.

## PRAYER

74. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this court cite Defendants to appear and answer herein and that Plaintiff has judgment taken against Defendants and recovers from Defendants all damages allowed by law, and that Plaintiff be awarded attorneys' fees for trial and any appeal of this case, for pre-judgment and post judgment interest as allowed by law, costs of court, and such other and further relief, both general and special, at law or in equity, to which Plaintiff is justly entitled.

Respectfully submitted,

THE POTTS LAW FIRM, LLP

By: */s/ Matthew J. Worrall*
Matthew J. Worrall
SBN: 24070883
William H. Barfield
SBN: 24031725
Andrew A. Woellner
SBN: 24060850
100 Waugh Drive, Suite 350
Houston, Texas 77007
Telephone (713) 963-8881
Facsimile (713) 574-2938
Emails: mworrall@potts-law.com
wbarfield@potts-law.com
awoellner@potts-law.com

**ATTORNEYS FOR PLAINTIFF**